MEMORANDUM OPINION


No. 04-04-00791-CV

BILL & JO DEANE BRADFORD INVESTMENTS, INC.,
Appellant

v.

CUTTER AVIATION SAN ANTONIO, INC.,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-16731
Honorable John D. Gabriel, Jr., Judge Presiding
 
Opinion by:    Rebecca Simmons, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:   November 23, 2005 

AFFIRMED
            Bill & Jo Deane Bradford Investments, Inc. sued Cutter Aviation San Antonio, Inc. for
fraudulent and negligent misrepresentations and breach of warranty in connection with the sale of
an airplane. On appeal, Bradford Investments challenges the summary judgment granted in favor
of Cutter Aviation, asserting that the representations and warranties made by Cutter Aviation were
actionable and not mere opinion or sales puffing and that the express and implied warranties
regarding the airplane were not conspicuously disclaimed. We affirm the trial court’s judgment.
Background
            Bradford Investments purchased a Piper Archer from Cutter Aviation. In late 2001, Bill
Bradford began exploring the purchase of a faster airplane with a larger net payload. Bradford read
aircraft magazines and explored various websites. Bradford also sought demo flights of various
aircraft, including the Cessna 206, Beechcraft A36 and Piper Saratoga. Bradford “asked as many
questions as [he] could ask of various people.”


 
            Bradford contacted Larry Johnson with Texas Piper, a division of Cutter Aviation, for his
advice and a proposal. Bradford chose to purchase a Piper Saratoga from Cutter Aviation because
Cessna had provided a limited response, Bradford was impressed with Johnson, and Cutter Aviation
offered a step-up program. Under the step-up program, a Piper airplane owner who purchased a
more complex Piper airplane was given a guaranteed price for the owner’s current airplane.
            Bradford admitted that he was aware that a service bulletin had been issued in February of
2002 regarding a problem with the crankshaft in engines manufactured by Lycoming. Bradford also
knew that the Saratoga had a Lycoming engine. Rather than directly question Johnson and Cutter
Aviation’s mechanics about the service bulletin, Bradford “approached [the issue] in a more general
manner.” Bradford stated his understanding that some issues had existed regarding the engine and
generally questioned Johnson and the mechanics about whether the problems were corrected and
whether the engine was a good, reliable, safe engine. Bradford stated that Johnson and the
mechanics assured him that the engine was a good, reliable engine, and that it was a safer time to
purchase the Saratoga because the engine problem had been addressed very recently. Johnson
testified that he was not aware of any engine problems when he sold Bradford the Saratoga. As of
the date of the sale, Johnson believed the engine problems identified in the earlier service bulletin
had been addressed, and he had no knowledge of any continuing engine problems.
            Bradford Investments purchased the Saratoga the first week of July, 2002. On August 18,
2002, Bradford was told the plane was grounded by the FAA. A new service bulletin was issued that
required the crankshaft to be replaced before the plane would be released to fly. On August 26,
2002, Bradford contacted Johnson and requested that Cutter Aviation refund his money. 
            On November 20, 2002, Bradford Investments sued Cutter Aviation for misrepresentations
and breach of warranty in connection with the sale of the Piper Saratoga. Summary judgment was
granted in favor of Cutter Aviation, and Bradford Investments appealed.
Discussion
            For purposes of asserting a claim for fraudulent or negligent misrepresentation, whether a
statement is an actionable statement of fact or merely one of opinion or puffing often depends on the
circumstances in which the speaker made the statement. Transport Ins. Co. v. Faircloth, 898 S.W.2d
269, 276 (Tex. 1995); Duperier v. Texas State Bank, 28 S.W.3d 740, 749 (Tex. App.—Corpus
Christi 2000, pet. dism’d by agr.). Among the relevant circumstances are the statement’s specificity,
the speaker’s knowledge, the comparative levels of the speaker’s and the hearer’s knowledge, and
whether the statement related to the present or the future. Transport Ins. Co., 898 S.W.2d at 276;
Duperier, 28 S.W.3d at 749. For example, in Prudential Ins. Co. of America v. Jefferson Associates,
Ltd., 896 S.W.2d 156, 163 (Tex. 1995), the court held that statements that a building was “superb,”
“super fine,” and “one of the finest little properties in the City of Austin” were not
misrepresentations of material fact but merely “puffing” or opinion. Similarly, in Duperier,
statements by a bond salesman to a purchasing bank that certain notes were a safe and suitable
investment and that there was no realistic chance the yield on the notes would fall to zero were held
to be opinions because they were an attempt to compare the notes to the salesman’s knowledge of
the bank’s past investments. 28 S.W.3d at 749. Just as a statement that constitutes mere “puffing”
is not actionable under a misrepresentation theory, such a statement also is not actionable under a
breach of warranty theory. Kessler v. Fanning, 953 S.W.2d 515, 519 (Tex. App.—Fort Worth 1997,
no pet.) (noting “puffing” or opinion defense pertains to warranty cases); Humble Nat. Bank v. DCV,
Inc., 933 S.W.2d 224, 229 n.3 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (explaining
reason “puffing” defense also pertains to warranty cases).
            In this case, Bradford Investments relies on statements that the Saratoga’s engine was “good,
safe and reliable.” These statements amount to mere opinion or puffing. Although Bradford had the
level of knowledge necessary to specifically question Cutter Aviation personnel regarding the
crankshaft problem identified in the service bulletin, he chose to rely on general assurances. In
addition, there was no evidence that Johnson was aware of any on-going problem with the Lycoming
engine. The need to release a second service bulletin to supersede and replace the prior service
bulletin is evidence that those in the industry believed that the problem had been resolved. Because
we conclude that the statements relied upon by Bradford Investments were mere opinion or puffing,
we need not address whether the summary judgment could be affirmed on alternative grounds.
 
Conclusion
            The judgment of the trial court is affirmed.
 
Rebecca Simmons, Justice